Affirmed and Opinion filed December 31, 2002















Affirmed and
Opinion filed December 31, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01031-CR

____________

 

JOEL HERRERA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the 339th District Court

Harris County, Texas

Trial Court
Cause No. 804,064

 

 

 

O P I N I O
N

Appellant
Joel Herrera was convicted of capital murder. 
He challenges the legal and factual sufficiency of the evidence against
him and contends the trial court erred in denying his request for a lesser
included offense charge of murder. We affirm.

I.  Factual Background

            On the evening of December 13, 1997, a
drive-by shooting occurred at a party held by members of a street gang known as
the Crazy Kings.  Thirteen people were
shot, and two Crazy Kings members, Jose Garcia and Joe Gutierrez, were killed
in the fusillade.








            Appellant was a member of the North
Side Central Posse, a rival gang of the Crazy Kings.  Only a month before the drive-by shooting,
two members of appellant’s gang had been shot during an altercation with the
Crazy Kings.  At trial, several
witnesses, including his former girlfriend and a non-accomplice witness who
observed him both immediately before and after the shootings, testified as to
appellant’s participation in the murders.

II.  Legal
and Factual Sufficiency

            Reviewing courts invoke separate
tests to determine whether the evidence adduced meets the legal and factual
sufficiency tests.  See Johnson v. State, 23 S.W.3d 1, 11 n.13 (Tex. Crim. App. 2000) (noting that appellate courts must be
“persistently mindful” in distinguishing between the standards for legal and
factual sufficiency reviews).  When an
appellant challenges both the legal and factual sufficiency of the evidence,
the reviewing court addresses the legal sufficiency challenge first because an
affirmative finding on that issue will result in rendition of a judgment of
acquittal, while a finding of factual insufficiency warrants a remand for a new
trial.  See Nickerson v. State, 69 S .W.3d 661, 668 (Tex. App.—Waco  2002, pet. ref’d).  In
conducting a legal sufficiency review, an appellate court must view the
evidence in the light most favorable to the prosecution and determine if any
rational fact finder could have found the crime’s essential elements to have
been proven beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319
(1979).  The reviewing court will examine
the entire body of evidence; if any evidence establishes guilt beyond a
reasonable doubt, and the fact finder believes that evidence, the appellate
court may not reverse the fact finder’s verdict on grounds of legal
insufficiency.  See id. In reviewing for factual sufficiency, an appellate court
will examine all the evidence without the prism of “in the light most favorable
to the prosecution,” and will set aside the fact finder’s verdict only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust.  See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996).  However, an appellate court conducting a
factual sufficiency review must be appropriately deferential so as to avoid
substituting its own judgment for that of the fact finder.  Id. at 648.  Accordingly,
we are only authorized to set aside the fact finder’s finding in instances
where it is manifestly unjust, shocks the conscience, or clearly demonstrates
bias.  Id.

            Ample testimonial evidence
illustrates both the legal and factual sufficiency of the evidence.  Gilbert Delgado, a non-accomplice witness,
testified to appellant’s behavior the night of December 13.  According to Delgado’s testimony, immediately
before the drive-by shooting appellant was at the house of Hiram Delacruz, one
of the two gang members injured during the confrontation with the Crazy
Kings.  Appellant was with Delacruz and
fellow gang member Bruce Espinosa.

            As the Crazy Kings party was only
six or seven blocks from the Delacruz house, the subject of the rival gang
arose during conversation.  Espinosa
suggested that they go to the party and shoot everyone in attendance.  Appellant was present when the drive-by
shooting was discussed and as the weapons to be used were loaded.  Appellant retrieved one of the weapons so
that he might examine it.  He volunteered
his vehicle—which would later be identified by witnesses to the shooting—to be
used in the enterprise.  Appellant,
Espinosa and Delacruz left the house together. 
Only a few minutes later, Delgado heard gunshots.  Appellant returned to the Delacruz house
shortly after the shooting in the company of both Espinosa and Delacruz.  Upon their return, Delgado noted that
Appellant, Delacruz and Espinosa were very quiet, and that appellant appeared
to be in “shock.”

            After the night in question,
appellant admitted his own involvement in the shootings on more than one
occasion.  According to the testimony of
appellant’s former girlfriend, he confessed to the offense and expressed
remorse.  She further testified that he
asked her to clean his vehicle, in which she found fifteen spent cartridge
casings, gloves, and ski masks.  She
testified that before the shooting appellant was angry that the Crazy Kings had
shot Delacruz and they were going take revenge.

            Delgado’s testimony, coupled with
that of appellant’s former girlfriend, clearly evidences appellant’s
involvement in the drive-by shootings. 
Appellant also admitted his complicity in the shootings to the
authorities, and in two of the three statements he gave to police, he admitted
that he drove his car during the drive-by shooting.  He also stated the shooting was a gang related retaliation for the shooting of Delacruz by
the Crazy Kings.  Based on the foregoing
evidence, we find the evidence legally and factually sufficient to support the
trial court’s finding.  From it, a
rational trier of fact could conclude that the
enhancement was proven beyond a reasonable doubt.  Further, the fact finder’s decision is not so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.  

III.  Lesser
Included Offense

            Appellant maintains that he was entitled
to an instruction on the lesser included offense of murder.  If facts are elicited during trial that raise
an issue of a lesser included offense and a charge is properly requested, then
a charge on the issue must be given.  Ross v. State, 861 S.W.2d
870, 877 (Tex. Crim. App. 1992).  The Court of Criminal Appeals has established
a two-prong test to determine whether a defendant is entitled to a charge on a
lesser-included offense.  Skinner v. State, 956
S.W.2d 532, 543 (Tex. Crim. App. 1997).  In order for appellant to prevail in his
argument that he was entitled to the instruction on the lesser included
offense, he must meet the following test:

[F]irst, the lesser included offense must be
included within the proof necessary to establish the offense charged, and,
second, some evidence must exist in the record that would permit a jury
rationally to find that if the defendant is guilty, he is guilty only of the
lesser offense.

 

Id.  (quoting Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993)).

            In its brief, the State concedes
that appellant meets the first prong of the test.  Indeed, murder is, by definition, a lesser
included offense of capital murder because it is established by proof of the
same or less than all the facts required to establish the commission of capital
murder.  Havard v. State, 800 S.W.2d 195, 216 (Tex. Crim.
App. 1989); see also Ross v. State,
861 S.W.2d 870, 876 (Tex. Crim. App. 1992).

            Having determined appellant
satisfies the first prong of the test, we turn to the second prong.  In deciding whether the issue of a lesser
included offense is raised, we look to all the evidence presented at trial and
not solely whether the defendant’s testimony raises or negates the issue of the
lesser-included offense.  Havard, 800 S.W.2d at 216. 
The credibility of the evidence and whether it is controverted
or conflicts with other evidence may not be considered.  Id.  Furthermore, it is not enough that the jury
may disbelieve crucial evidence pertaining to the greater offense.  Skinner, 956 S.W.2d at
543.  Rather, there must be some
evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a
lesser-included offense is warranted.  Id.

            For a rational jury to find that
appellant was guilty only of murder,
there must exist some evidence in the record that
appellant did not intentionally or knowingly kill the victims.  Id.  Thus, for the lesser-included instruction of
murder to be appropriate, a rational jury must be able to find that appellant
behaved in such a way that he consciously disregarded a substantial and
unjustifiable risk toward the victims, but was not aware that his conduct was
reasonably certain to cause the resulting deaths.  Id.

            In his brief, appellant cites no
specific evidence that he did not perform an act with the intent to kill, thus
entitling him to an instruction on the lesser included offense of murder.
Appellant’s behavior on the night of the shootings, coupled with his subsequent
confessions, indicate his awareness that his conduct was reasonably certain to
cause the resulting deaths.  There is no
evidence in the record that appellant had any other motive for participating in
the drive-by shooting than to further his own desire to kill rival gang
members, and there is no evidence upon which a rational jury could have
convicted him of the lesser-included offense of murder.  See id.
at 543–44.  In
fact, all of the evidence points to the opposite conclusion: that appellant
intentionally and knowingly killed the victims. 
The firearms involved were used to in a deadly fashion, and death
resulted from their use.  It would not be
rational for a jury to conclude that appellant was not aware that his conduct
was reasonably certain to cause death. 
Given these facts, a rational jury could not have found that appellant
did not intentionally or knowingly kill each of the victims.  Because appellant has not met the second
prong of the Rousseau test, he was
not entitled to a charge on the lesser-included offense of murder.

            After reviewing the record, we do
not find that the evidence raises the issue of murder, and thus, appellant was
not entitled to an instruction on the lesser included offense. 

CONCLUSION

For the foregoing reasons,
the judgment of the trial court is affirmed.

 

 

 

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

 

Judgment
rendered and Opinion filed December
 31, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.3(b).